IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00230-MSK-KLM

STEPHEN REES,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY,

    Defendant.

___

**OPINION AND ORDER DENYING MOTION TO DISMISS**
___

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 3)**, the Plaintiff's response **(# 4)**, and the Defendant's reply **(# 6)**.

The issues presented in this case are simple. The Plaintiff commenced this action by filing a Complaint **(# 1)** on January 31, 2007. However, the Plaintiff did not effectuate service at this time. Instead, at some unstated point thereafter, the parties began a series of negotiations to discuss a possible resolution of the claims. These negotiations culminated in a meeting on May 3, 2007. No settlement was reached on that day, and according to the Plaintiff, the Defendant's counsel requested additional time to look into the matter. Time passed, and when the Plaintiff was unable to reach the Defendant's counsel to discuss the matter further, the Plaintiff decided to effectuate service. Service was finally accomplished on September 13, 2007, 225 days after the action was commenced.

Fed. R. Civ. P. 4(m) states that "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Upon "good cause for the failure" to effectuate timely service, the Court may extent the time for service "for an appropriate period."

In assessing a motion to dismiss for failure to effect timely service under Rule 4(m), the Court engages in a multi-step process. First, the Court must determine whether the Plaintiff has shown good cause for the failure to timely serve. *Scott v. Hern,* 216 F.3d 897, 912 (10th Cir. 2000), *citing Espinoza v. U.S.*, 52 F.3d 838, 840 (10th Cir. 1995). If good cause is shown, the Plaintiff is entitled to a mandatory extension of the time to serve. *Id.* If good cause is not shown, the Court must exercise its discretion in determining whether a permissive extension of time should be granted. *Id.* If the Court concludes that no permissive extension is appropriate, it may then dismiss the action without prejudice. *Id.*

Whether "good cause" exists for failure to timely serve is an inherently fact-based inquiry, and can only be defined by reference to those circumstances in which it has or has not been found. In *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996), the court noted a number of characteristics that will <u>not</u> constitute good cause: "mistake of counsel or ignorance of the rules" will generally not suffice; "unexplained assertions of miscalculation" are insufficient; and a failure of the plaintiff to "show meticulous efforts to comply with the rule" are required. Similarly, an absence of prejudice to the defendant from the delay is not sufficient to show good cause. *Id.*, *citing Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). A showing that the defendant had actual notice of the suit is not the equivalent of a showing of good cause. *Despain*, 13 F.3d at 1439. However, good cause was found in

2

*Financial Instruments Group, Ltd. v. Leung*, 30 Fed.Appx. 915, 917 (10th Cir. 2002) (unpublished), where the defendant had received informal actual notice of the suit by mail and had taken efforts to avoid proper service, along with an absence of evidence that the plaintiff had been less than diligent in its efforts to locate the defendant.

In light of these cases, the Court finds that the Plaintiff has not shown good cause for failure to effectuate service. It is not clear whether the Plaintiff intentionally delayed serving the Complaint for some practical or strategic purpose, *but see Self v. Fesenius Medical Care*, 84 Fed.Appx. 54, 56 (10th Cir. 2003) (unpublished) (finding no good cause where *pro se* litigant withheld service to avoid being "immediately swamped with [motions]"); *Kirkland*, 86 F.3d at 176 (plaintiffs decision, for strategic reasons, to wait until the last minute to serve defendant did not show "meticulous efforts," and thus, did not show good cause), but it is clear that regardless of the reasons for not promptly serving, the Plaintiff has not shown that he engaged in "meticulous efforts" to comply with the rule. Nor, as *Despain* explains, does the fact that the Defendant may have had actual notice of the suit warrant a finding of good cause.

The Plaintiff cites a single case, *Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31 (D.R.I. 1989) for the proposition that withholding service pending settlement discussions can constitution good cause. The Plaintiff misreads that case. There, the Plaintiff failed to effectuate timely service on another defendant, GMC, because it was attempting to negotiate a full settlement of the case with defendant Liberty. Good cause to serve one defendant might exist where settlement discussions with another defendant might resolve the litigation in its entirety, but the rationale of *Assad* is far less persuasive where the defendant who is unserved is the only defendant in the case. *Healthcare Compare Corp. v. Super Solutions Corp.*, 151 F.R.D. 114,

115-16 (D. Minn. 1993) (rejecting *Assad* where "a single plaintiff was negotiating with a single defendant with no success").

Moreover, this Court rejects the basic premise that negotiations to resolve an action can constitute good cause for failing to serve. The Federal Rules of Civil Procedure provide clear, fixed dates by which action must be taken for many salutary purposes. Opposing parties have the benefit of being able to know (or at least predict) when action will be taken against them; clients have the assurance that their counsel will be required to afford timely attention to their case; and the court system is assured that parties will not "reserve a table" by filing a complaint, and then negotiate endlessly at their leisure while the court's docket becomes crowded with aging, dormant cases. Though firm, Rule 4(m) does provide a means by which counsel can seek an extension of time to serve if settlement negotiations are indeed likely to bear fruit. A party who chooses not to effect service simply because litigation is more burdensome than settlement discussions is not acting in good faith to comply with the rules; he or she is ignoring the rules simply because the rules are inconvenient to him or her.

Accordingly, the Court finds that the Plaintiff has not shown good cause for a mandatory extension of time to serve. However, as *Espinoza* instructs, this is not the end of the inquiry. The Court must instead determine whether a permissive extension of time should be granted. Obviously, the standards for granting such a permissive extension must be less rigid than the good cause standard. Among the things the Court should consider are whether the statute of limitations would bar a refiled action. *Espinoza*, 52 F.3d at 842. *Espinoza* also recognizes that a permissive extension may be appropriate where the plaintiff has tried, but failed, to comply with complex service rules governing federal officers, so long as notice has been given to the U.S.

4

Attorney or Attorney General. *Id.* A similar rationale would warrant favoring permissive extensions where the plaintiff had adequately provided notice, albeit not service, of the suit to his or her opponent.

Considering all of the circumstances present here, the Court finds that a permissive extension to render the Plaintiff's service timely is warranted. The Defendant apparently concedes that it had actual notice of the suit within the time frame by which service should have been effected. Rather than choosing to promptly move to dismiss for untimely service, the Defendant instead chose to negotiate with the Plaintiff in an attempt to resolve the case, and thus, can hardly be heard to complain that the late service caused them any prejudice. Moreover, the Plaintiff has shown that the statute of limitations would bar his suit if it were dismissed without prejudice now.

This is not to suggest that the Court in any way endorses the Plaintiff's counsel's cavalier approach to the deadlines set in the Rules of Civil Procedure. In this, as in all cases, the Court intends to strictly apply deadlines set the Federal Rules, the Local Rules, and by the Court itself. The Plaintiff's counsel is specifically put on notice that failure to comply with any of these deadlines or rules may result in an adverse determination of the pertinent issue, and in appropriate cases, the imposition of sanctions.

For the foregoing reasons, the Defendant's Motion to Dismiss **(# 3)** is **DENIED**.

Dated this 6th day of August, 2008

                              **BY THE COURT:**

                              *[signature: Marcia S. Krieger]*

                              Marcia S. Krieger
                              United States District Judge